**FILED**

MAR 13 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SARAH BABB, | ) |
| Plaintiff, | ) **06CV1383** |
| vs. | ) **JUDGE FILIP** |
| MERISANT USA, INC., | ) **MAGISTRATE SCHENKIER** |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Sarah Babb, by her undersigned attorney, states as follows as her Complaint against Defendant, Merisant USA, Inc.:

### The Parties

1. Plaintiff Sarah Babb ("Ms. Babb") is a Caucasian female who resides at 42 W 370 Foxfield Drive in Saint Charles, Illinois 60175.

2. Defendant Merisant USA, Inc. is a Delaware corporation that regularly conducts business at 10 South Riverside Plaza, Suite 850, Chicago, Illinois 60606, and employs more than 700 persons worldwide. Although Merisant is headquarted in Chicago, Illinois, it has more than 25 offices worldwide.

3. Merisant is the maker of **"Equal"** the taste leader among no/low caloric sweeteners. Equal has been sold for more than 25 years and is a well known tabletop brand in the restaurant and foodservice industry.

4. Merisant also markets and produces artificial sweetener products under at least 18 additional brand names, including **"Canderel,"** with sales in more than 85 countries across the globe. Merisant's manufacturing sites include Manteno, Illinois; Fairfield, Australia; and Zarate, Argentina.

5. Merisant products account for more than one-third of the estimated $1.2 billion global tabletop sweetener market.

**Jurisdiction**

6. This Court has jurisdiction of this matter pursuant to Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 42 U.S.C. § 2000e, *et. seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).

**Venue**

7. Venue is proper in this District pursuant to 28 U.S.C., § 1391.

### COUNT I

**(Pregnancy Discrimination under 42 U.S.C., § 2000e(k))**

8. This claim is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 42 U.S.C. § 2000e, *et. seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).

9. Ms. Babb timely filed a Charge of Discrimination with respect to her Title VII claims. A copy of that Charge is attached hereto as Exhibit 1.

10. In February 2006, Ms. Babb received a Notice of Right to Sue Letter from the EEOC, authorizing her to bring suit against Merisant within 90 days. Accordingly, Ms. Babb has met all procedural prerequisites to bringing the present action and it is timely filed.

11. Ms. Babb was employed by Merisant from in or about March 2004 until Merisant terminated her employment in late February 2006.

12. Ms. Babb at all times during her employment with Merisant performed her job-related duties in an excellent manner and satisfied the legitimate expectations of Merisant.

13. On or about April 27, 2005, Merisant promised Ms. Babb that she would be promoted in October 2005.

14. On or about July 7, 2005, Ms. Babb informed Merisant that she was pregnant.

-2-

15. Subsequently, Merisant subjected Ms. Babb to a barrage of abusive and hostile treatment because of her pregnant status.

16. In or about mid-September 2005, Merisant demoted Ms. Babb because of her pregnant status.

17. Furthermore, Merisant failed and refused to promote Ms. Babb because of her pregnant status.

18. In addition, Merisant imposed and enforced policies, practices, and procedures against Ms. Babb that it did not do so with respect to similarly situated non-pregnant employees.

19. In fact, in the days leading up to Ms. Babb's anticipated delivery date, Merisant continued to hound Ms. Babb and to insist that Ms. Babb report to Merisant and attend meetings, even though Ms. Babb's doctor had already barred her from engaging in further work-related activities based upon the treatment and stress that she had been subjected to by Merisant.

20. Tragically, Ms. Babb's child died during, or prior to, delivery, within a short time period following the cessation of Merisant's calculated campaign of harassment against Ms. Babb.

21. Not surprisingly, Merisant terminated Ms. Babb's employment shortly after she was able to return to work following the death of her unborn child.

22. Under Title VII, Merisant is an "employer" subject to suit under that Act, and Ms. Babb is an "employee" under the terms of the Act and thus entitled to bring suit under that Act against Merisant.

23. Under Title VII, it was unlawful for Merisant "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). "Because of sex" has been defined by the Pregnancy Discrimination Act (PDA), through which Congress amended Title VII in 1978, to mean "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k).

24. Thus, Title VII prohibited Merisant from discriminating against Ms. Babb based upon, *inter alia*, her pregnant status.

25. Merisant violated Title VII by discriminating against Ms. Babb based upon her pregnant status as set forth above in Paragraphs 15 to 19.

26. All of the above-described pregnancy-based discrimination engaged in by Merisant with respect to Ms. Babb was intentional.

27. As a direct and proximate cause of Merisant's intentional discriminatory acts and practices as set forth above, Ms. Babb has suffered monetary and emotional injuries.

28. Merisant engaged in the discriminatory acts and practices described above with malice or with reckless indifference to Ms. Babb's federally protected rights.

**WHEREFORE**, Plaintiff, Sarah Babb, by her undersigned attorney, respectfully requests the entry of an Order granting judgment in her favor and against Defendant, Merisant USA, Inc. on Count I of her Complaint, for compensatory and punitive damages, for her attorneys' fees and costs, and for all such other and further relief available to her under Title VII and as this Court deems appropriate under the circumstances, and further Plaintiff demands trial by jury.

By: _____
**Attorney for Plaintiff**

Michael I. Leonard
Meckler, Bulger & Tilson, LLP
123 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312)474-7925 (phone)
(312)474-7898 (fax)
Dated: March 13, 2006