IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH BABB, | ) | Case No. 06-C-1383 |
| | ) | |
| Plaintiff, | ) | Judge Filip |
| | ) | |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| MERISANT US, INC.,[1] | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant Merisant US, Inc., by and through its attorneys, Seyfarth Shaw LLP, and for its Answer to Complaint, states as follows:

### The Parties

**COMPLAINT ¶ 1:**

Plaintiff Sarah Babb ("Ms. Babb") is a Caucasian female who resides at 42 W 370 Foxfield Drive in Saint Charles, Illinois 60175.

**ANSWER:**

Defendant admits that Plaintiff is a Caucasian female, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residency.

**COMPLAINT ¶ 2:**

Defendant Merisant USA, Inc. is a Delaware corporation that regularly conducts business at 10 South Riverside Plaza, Suite 850, Chicago, Illinois 60606, and employs more than 700 persons worldwide. Although Merisant is headquarted [sic] in Chicago, Illinois, it has more than 25 offices worldwide.

---

[1] The Complaint mistakenly refers to the Defendant as "Merisant USA, Inc." The proper Defendant, Merisant US, Inc., is the U.S. operating subsidiary of Merisant Company, a Delaware corporation and the wholly-owned subsidiary of Merisant Worldwide, Inc., a Delaware corporation and the ultimate parent corporation of a consolidated group of U.S. and foreign subsidiaries. All references to Defendant and Merisant herein are to Merisant US, Inc.

**ANSWER:**

Defendant admits that it is a Delaware corporation that regularly conducts business at 10 South Riverside Plaza, Suite 850, Chicago, Illinois 60606, where it maintains its corporate headquarters, and that its ultimate parent corporation, Merisant Worldwide, Inc. together with its direct and indirect subsidiaries, has approximately 15 offices worldwide. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 2 of the Complaint.

**COMPLAINT ¶ 3:**

Merisant is the maker of **"Equal"** the taste leader among no/low calorie sweeteners. Equal has been sold for more than 25 years and is a well known tabletop brand in the restaurant and foodservice industry.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the meaning of the term "taste leader," and therefore, denies all allegations regarding same. By way of affirmative answer, Defendant states that Equal® was first launched in the United States in 1982, and that it is a well known low-calorie tabletop sweetener brand in the retail grocery and foodservice industry. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 3 of the Complaint.

**COMPLAINT ¶ 4:**

Merisant also markets and produces artificial sweetener products under at least 18 additional brand names, including **"Canderel,"** with sales in more than 85 countries across the globe. Merisant's manufacturing sites include Manteno, Illinois; Fairfield, Australia; and Zarate, Argentina.

**ANSWER:**

By way of affirmative answer, Defendant states that it markets only four low-calorie tabletop sweetener brands in the United States, Canada and Puerto Rico: Equal®, NutraSweet®,

Sweetmate® and Same®. Defendant further admits that it owns and operates a manufacturing plant in Manteno, Illinois. By way of further affirmative answer, Defendant states that its ultimate parent corporation, Merisant Worldwide, Inc., markets approximately 22 low-calorie tabletop sweetener brands, including Canderel®, in over 85 countries through its direct and indirect subsidiaries, and that it owns and operates a manufacturing plant in Zarate, Argentina through an indirect wholly-owned subsidiary. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 4 of the Complaint.

### COMPLAINT ¶ 5:

Merisant products account for more than one-third of the estimated $1.2 billion global tabletop sweetener market.

### ANSWER:

By way of affirmative answer, Defendant states that its ultimate parent corporation, Merisant Worldwide, Inc., is a worldwide leader in the marketing of low-calorie tabletop sweeteners, with an estimated 24% dollar share as of December 31, 2005 of the global retail market, which Merisant estimates at $1.5 billion. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 5 of the Complaint.

### Jurisdiction

### COMPLAINT ¶ 6:

This Court has jurisdiction of this matter pursuant to Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 42 U.S.C. § 2000e, *et. seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).

### ANSWER:

Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 42 U.S.C. § 2000e, *et. seq.*, as amended

3

by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), but Defendant denies that it has violated Title VII or any other laws, or otherwise engaged in any conduct that would subject it to this Court's jurisdiction. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 6 of the Complaint.

### Venue

**COMPLAINT ¶ 7:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 7 of the Complaint.

### COUNT I

### (Pregnancy Discrimination under 42 U.S.C., § 2000e(k))

**COMPLAINT ¶ 8:**

This claim is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 42 U.S.C. § 2000e, *et. seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k).

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 42 U.S.C. § 2000e, *et. seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), but Defendant denies that it has violated Title VII or any other laws, or otherwise engaged in any conduct that would subject it to this Court's jurisdiction. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 8 of the Complaint.

**COMPLAINT ¶ 9:**

Ms. Babb timely filed a Charge of Discrimination with respect to her Title VII claims. A copy of that Charge is attached hereto as Exhibit 1.

**ANSWER:**

On information and belief, Defendant admits that Plaintiff filed a discrimination charge dated October 3, 2005 with the EEOC, but Defendant denies that a copy of that charge was attached to its copy of the Complaint. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 9 of the Complaint.

**COMPLAINT ¶ 10:**

In February 2006, Ms. Babb received a Notice of Right to Sue Letter from the EEOC, authorizing her to bring suit against Merisant within 90 days. Accordingly, Ms. Babb has met all procedural prerequisites to bringing the present action and it is timely filed.

**ANSWER:**

On information and belief, Defendant admits that the EEOC issued a Notice of Right to Sue to Plaintiff dated February 6, 2006, but Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff actually received this notice. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 10 of the Complaint.

**COMPLAINT ¶ 11:**

Ms. Babb was employed by Merisant from in or about March 2004 until Merisant terminated her employment in late February 2006.

**ANSWER:**

Defendant admits that Plaintiff was hired on March 29, 2004, and that her job was eliminated in late February 2006. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 11 of the Complaint.

**COMPLAINT ¶ 12:**

Ms. Babb at all times during her employment with Merisant performed her job-related duties in an excellent manner and satisfied the legitimate expectations of Merisant.


**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 12 of the Complaint.

**COMPLAINT ¶ 13:**

On or about April 27, 2005, Merisant promised Ms. Babb that she would be promoted in October 2005.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

**COMPLAINT ¶ 14:**

On or about July 7, 2005, Ms. Babb informed Merisant that she was pregnant.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to whom Plaintiff allegedly informed of her pregnancy and when such communications allegedly occurred, and therefore denies all allegations regarding same. By way of affirmative answer, Defendant states that the only record it has of Plaintiff informing Merisant of her pregnancy is a meeting on August 1, 2005 between Plaintiff and Diane Ohi, Manager of Human Resources Information Systems and Benefits. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 14 of the Complaint.

**COMPLAINT ¶ 15:**

Subsequently, Merisant subjected Ms. Babb to a barrage of abusive and hostile treatment because of her pregnant status.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 15 of the Complaint.

**COMPLAINT ¶ 16:**

In or about mid-September 2005, Merisant demoted Ms. Babb because of her pregnant status.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

**COMPLAINT ¶ 17:**

Furthermore, Merisant failed and refused to promote Ms. Babb because of her pregnant status.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 17 of the Complaint.

**COMPLAINT ¶ 18:**

In addition, Merisant imposed and enforced policies, practices, and procedures against Ms. Babb that it did not do so with respect to similarly situated non-pregnant employees.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

**COMPLAINT ¶ 19:**

In fact, in the days leading up to Ms. Babb's anticipated delivery date, Merisant continued to hound Ms. Babb and to insist that Ms. Babb report to Merisant and attend meetings, even though Ms. Babb's doctor had already barred her from engaging in further work-related activities based upon the treatment and stress that she had been subjected to by Merisant.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶ 20:**

Tragically, Ms. Babb's child died during, or prior to, delivery, within a short time period following the cessation of Merisant's calculated campaign of harassment against Ms. Babb.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's pregnancy. Defendant denies each and every remaining allegation contained in Paragraph 20 of the Complaint.

CH1 11037981.1

## COMPLAINT ¶ 21:

Not surprisingly, Merisant terminated Ms. Babb's employment shortly after she was able to return to work following the death of her unborn child.

## ANSWER:

Defendant admits that Plaintiff's job was eliminated in late February 2006, but except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 21 of the Complaint.

## COMPLAINT ¶ 22:

Under Title VII, Merisant is an "employer" subject to suit under that Act, and Ms. Babb is an "employee" under the terms of the Act and thus entitled to bring suit under that Act against Merisant.

## ANSWER:

Defendant admits that it is an "employer" within the meaning of Title VII, 42 U.S.C. §2000e-(b), and that Plaintiff was an "employee" within the meaning of Title VII, 42 U.S.C. §2000e-(f), but Defendant denies that it violated Title VII or any other laws, or otherwise engaged in any conduct that would entitle Plaintiff to bring suit against it. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 22 of the Complaint.

## COMPLAINT ¶ 23:

Under Title VII, it was unlawful for Merisant "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to ... compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). "Because of sex" has been defined by the Pregnancy Discrimination Act (PDA), through which Congress amended Title VII in 1978, to mean "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k).

## ANSWER:

Defendant admits that 42 U.S.C. § 2000e-2(a)(1) makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

CH1 11037981.1

individual with respect to ... compensation, terms, conditions, or privileges of employment, because of such individual's ... sex," and that 42 U.S.C. § 2000e(k) extends the definition of "because of sex" to include "because of or on the basis of pregnancy, childbirth, or related medical conditions," but Defendant denies that it violated Title VII or any other laws. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 23 of the Complaint.

## COMPLAINT ¶ 24:

Thus, Title VII prohibited Merisant from discriminating against Ms. Babb based upon, *inter alia*, her pregnant status.

## ANSWER:

Defendant admits that Title VII prohibits pregnancy discrimination, but Defendant denies that it violated Title VII or any other laws. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in Paragraph 24 of the Complaint.

## COMPLAINT ¶ 25:

Merisant violated Title VII by discriminating against Ms. Babb based upon her pregnant status as set forth above in Paragraphs 15 to 19.

## ANSWER:

Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

## COMPLAINT ¶ 26:

All of the above-described pregnancy-based discrimination engaged in by Merisant with respect to Ms. Babb was intentional.

## ANSWER:

Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

## COMPLAINT ¶ 27:

As a direct and proximate cause of Merisant's intentional discriminatory acts and practices as set forth above, Ms. Babb has suffered monetary and emotional injuries.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 27 of the Complaint.

**COMPLAINT ¶ 28:**

Merisant engaged in the discriminatory acts and practices described above with malice or with reckless indifference to Ms. Babb's federally protected rights.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs has failed to satisfy any of the administrative prerequisites to bringing suit, her claims are barred.

### THIRD AFFIRMATIVE DEFENSE

To the extent that the allegations in the Complaint are beyond the scope of Plaintiff's Charge of Discrimination, they are barred for failure to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that any of the allegations supporting Plaintiff's Title VII claims occurred more than 300 days prior to the date on which Plaintiff filed her EEOC charge, such claims are time-barred.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, she should be barred from any recovery or her recovery should be reduced.

CH1 11037981.1

## SIXTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged sexually harassing and/or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant exercised good faith efforts to comply with Title VII and did not act with malice or reckless indifference to Plaintiff's federally protected rights.

Defendant reserves the right to amend and supplement its Affirmative Defenses after a reasonable opportunity for discovery.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever in this action, and accordingly, requests that the Court dismiss the Complaint in its entirety and with prejudice, that judgment be entered against Plaintiff, and that Defendant be awarded its costs, reasonable attorneys' fees, and such other relief as the Court may deem reasonable and just.

Respectfully submitted,

MERISANT US, INC.

By _____
One of Its Attorneys

Brenda H. Feis
SEYFARTH SHAW LLP
55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000

April 18, 2006

11

CH1 11037981.1

## **CERTIFICATE OF SERVICE**

I, Brenda H. Feis, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT to be served upon the following, by depositing a copy of same in the U.S. Mail, postage prepaid, on this 18th day of April, 2006:

> Michael I. Leonard
> MECKLER, BULGER & TILSON, LLP
> 123 N. Wacker Drive
> Suite 1800
> Chicago, IL  60606

_____
Brenda H. Feis